FRANK BOGAN, RESPONDENT, v. PROGRESSIVE HOME
BUILDING ASSOCIATION, APPELLANT.

Submitted December 12, 1920—Decided March 9, 1921.

1. When a proceeding is strictly *in personam*, brought to determine
   the personal rights and obligations of the parties, personal ser-
   vice within the state or voluntary appearance in the case is es-
   sential to the requisition of jurisdiction, so as to constitute com-
   pliance with the constitutional requirement of due process of
   law.
2. A judgment against a corporation, when the summons was di-
   rected to "F. N. V.—President," is a nullity.

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Riker & Riker*.

For the respondent, *Nicholas La Vecchia*.

The opinion of the court was delivered by

MINTURN, J. Judgment was entered as above, in a suit in
which the summons was directed to "F. N. Vital, President
Progressive Home Building Association." The state of de-
mand was entitled against the association. The judgment
record and the certificate of the clerk returned are against
"F. N. Vital, Prest., etc.," as defendant; and the agreed state
of the case is likewise entitled. At the close of the plaintiff's
case a motion for a nonsuit was made on the ground that the
testimony showed a contract with the association, and that the
summons was directed to "F. N. Vital," as president, and
therefore Vital only and not the association was in court,
which motion was refused. That contention presents the only
question on this appeal. We think the contention of the re-
spondent was correct; that Vital, individually, was summoned

and was the only party legally in court. So far as the defendant association is concerned, it was not brought into court by process, and there is no proof in the case that it consented to appear and be represented by the appellant's attorney.

In such a form of action the legal presumption is that the intention is to enter judgment against the individual defendant, since the rest of the titular designation may be considered merely *discriptio personam. New Brunswick Steamboat Co.* v. *Tiers,* 24 *N. J. L.* 697; 20 *R. C. L.* 700, and cases.

The rule is fundamental that when a proceeding is strictly *in personam,* brought to determine the personal rights and obligations of the parties, personal service within the state or a voluntary appearance in the case is essential to the acquisition of jurisdiction, so as to constitute compliance with the constitutional requirement of due process of law. *D'Arcy* v. *Ketchum,* 11 *How. (U. S.)* 174; *Pennoyer* v. *Neff,* 95 *U. S.* 714; *Wilson* v. *Seligman,* 144 *Id.* 41.

So far, therefore, as the association is concerned, it was *coram non judice,* and a judgment against it under such circumstances was necessarily a nullity. *Bowen* v. *Mulford,* 10 *N. J. L.* 230; *Terhune* v. *Parrott,* 59 *Id.* 16; 15 *R. C. L.* 771. and cases cited.

The judgment will therefore be reversed.